1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| JORGE OSORIO, | CASE NO. 12-cv-663 - IEG (BGS) |
| Plaintiff, | **ORDER:** |
| | **GRANTING DEFENDANTS' MOTION TO DISMISS; AND** |
| vs. | [Doc. Nos. 4, 6] |
| WACHOVIA MORTGAGE, FSB, now doing business as WELLS FARGO BANK, N.A.; NDEX WEST, LLC; WORLD SAVINGS BANK, a business form unknown; and DOES 1 through 50, inclusive, | **(2) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE** |
| Defendants. | [Doc. Nos. 6, 8] |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

        Presently before the Court is a motion to dismiss and a motion to strike portions of Plaintiff Jorge Osorio ("Plaintiff")'s complaint brought by Defendants Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") and NDeX West, LLC ("NDeX") (collectively "Defendants"). [Doc. Nos. 4, 6, 8.][1] For the reasons described below, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** as moot Defendant's motion to strike.

## BACKGROUND

        This is a mortgage case. Plaintiff, proceeding *pro se*, alleges that he purchased the subject

26
27
28

---

        [1] Defendant Wells Fargo originally filed the motion to dismiss and the motion to strike, and Defendant NDeX subsequently filed a notice of joinder in those two motions. [Doc. No. 8.]

property, located at 363 J Street, Chula Vista, CA 91910, on or about May 25, 2007. [Doc. No. 1, Compl. ¶ 19, Ex. A.] To fund that purchase, Plaintiff secured a loan for $163,000 from World Savings Bank, FSB, secured by a Deed of Trust. [Id. ¶ 15, Ex. A.] On December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB and then changed its name to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November 2009. [Doc. No. 4-4, Request for Judicial Notice ("RJN") Exs. A-E.][2]

On August 25, 2011, there was a notice of default on Plaintiff's property, [Compl. Ex. B], and on November 23, 2011, there was a notice of trustee's sale stating that the sale of Plaintiff's property would take place on December 22, 2011. [Id. Ex. C.] Plaintiff's property was sold at a trustee's sale on February 7, 2012 for $87,670, and the sale was recorded on February 15, 2012. [Doc. No. 4-4, RJN Ex. G.]

On February 22, 2012, Plaintiff filed the present action in state court against Defendants alleging seven causes of action for: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; (6) violation of California Business and Professions Code § 17200 et seq.; and violation of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. [Compl.] On March 16, 2012, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question and diversity jurisdiction. [Doc. No. 1, Notice of Removal.] By the present motions, Defendants move to dismiss the complaint in its entirety. [Doc. Nos. 4, 8.] Defendants also move to strike from the complaint all allegations related to punitive damages. [Doc. Nos. 6, 8.]

**DISCUSSION**

**I.      Legal Standard on a Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the

---

[2] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of exhibits A through G attached to Defendant Wells Fargo's request for judicial notice because they are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal conclusions" as true.  Ashcroft v. Iqbal, 129 S. Ct. at 1949.

In addition, factual allegations asserted by *pro se* plaintiffs, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519-20 (1972).  Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (citation omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

**II.**     **Analysis of Defendants' Motion to Dismiss**

      A.        TILA

Plaintiff alleges that Defendant Wells Fargo failed to include and disclose certain finance charges during the processing of his loan in violation of TILA.  [Compl. ¶¶ 79-81.]  Plaintiff

1   argues that these TILA violations provide him with the right to rescind the transaction.  [Id. ¶ 81.]

2   In response, Wells Fargo argues that Plaintiff's TILA claim is barred by the applicable statute of

3   limitations.  [Doc. No. 4-1 at 13-14.]

4        Under 15 U.S.C. § 1635, TILA claims for rescission have a three-year statute of

5   limitations.  See McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1328 (9th Cir. 2012).

6   The Ninth Circuit has explained that section 1635 is a statute of repose, and, therefore, the three-

7   year limit is absolute and is not subject to equitable tolling.  See Miguel v. Country Funding Corp.,

8   309 F.3d 1161, 1164 (9th Cir. 2002); see also Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412

9   (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year

10  period.").  The statute of limitations for a TILA claim begins to runs from the date the loan was

11  consummated.  See King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

12       Plaintiff closed on the loan at issue on or about May 31, 2007.  [Compl. ¶ 19, Ex. A.]

13  However, Plaintiff did not file the present action until February 22, 2012, more than three years

14  after the loan was originated.  [Compl.]  Therefore, Plaintiff's TILA claim is barred by 15 U.S.C. §

15  1635.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's TILA claim.

16       B.       California Civil Code §§ 2924, 2923.5, and 2923.6

17       Plaintiff alleges that Defendants improperly foreclosed on his property in violation of

18  California Civil Code §§ 2924, 2923.5, and 2923.6.  [Compl. ¶¶ 24-37, 57-67.]  Defendants argue

19  that these claims are preempted by the Home Owners' Loan Act ("HOLA").  [Doc. No. 4-1 at 2-

20  6.]

21       Federal savings associations, including federal savings banks, are subject to HOLA and are

22  regulated by the Office of Thrift Supervision ("OTS").  12 U.S.C. § 1464; Silvas v. E*Trade

23  Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008).  Because Plaintiff's loan originated with

24  World Savings Bank, FSB, which was a federal savings bank, Plaintiff's action is governed by

25  HOLA.  See Lopez v. Wachovia Mortg., 2010 U.S. Dist. LEXIS 72439, at *5-6 (N.D. Cal. 2010)

26  (finding that although Wells Fargo is a federally chartered national bank, the action is governed by

27  HOLA because the loan originated with World Savings Bank, which was regulated by OTS and

28  subject to HOLA).

Under HOLA, the OTS enjoys "plenary and exclusive authority . . . to regulate all aspects of the operations of Federal savings associations" and its authority "occupies the entire field of lending regulation for federal savings associations."  12 C.F.R. §§ 545.2, 560.2(a).  The Ninth Circuit has stated that the enabling statute and subsequent agency regulations are "so pervasive as to leave no room for state regulatory control."  <u>Conference of Fed. Sav. & Loan Ass'ns v. Stein</u>, 604 F.2d 1256, 1260 (9th Cir. 1979), <u>aff'd</u>, 445 U.S. 921 (1980).  OTS Regulation 560.2(b) expressly preempts state regulation of federal thrift activities dealing with, inter alia, terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages.  12 C.F.R. § 560.2(b).  Federal courts throughout California have held that claims for violation of California Civil Code § 2923.5 are preempted by HOLA because they fall "'squarely within the scope of HOLA's Section 560.2(b)(10).'"  <u>Taguinod v. World Sav. Bank, FSB</u>, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (listing cases).  In addition, courts have found that claims for violations of section 2923.6 and section 2924 are also preempted by HOLA.  <u>See</u> <u>Sato v. Wachovia Mortg., FSB</u>, 2011 U.S. Dist. LEXIS 75418, at *19-20 (N.D. Cal. Jul. 13, 2011) (finding claim that lender violated California Civil Code § 2923.6 by failing to modify her loan preempted by HOLA); <u>Sanchez v. Wachovia Mortgage, FSB</u>, 2011 U.S. Dist. LEXIS 2444, at *18-19 (S.D. Cal. Jan. 10, 2011) (finding claim that defendants failed to comply with California Civil Code § 2924 during the foreclosure proceedings preempted by HOLA).  Therefore, the Court concludes that Plaintiff's claims for violation of California Civil Code §§ 2924, 2923.5, and 2923.6 are preempted by HOLA.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims for violation of California Civil Code §§ 2924, 2923.5,[3]

---

[3] In addition, Plaintiff's claim for violation of California Civil Code § 2923.5 should be dismissed with prejudice because Plaintiff's claim is moot.  California Civil Code § 2923.5 "prohibits mortgagees, trustees, beneficiaries, or authorized agents from filing a notice of default on an owner's principal residence until thirty days after contact is made with the owners or thirty days after satisfying the statutory due diligence requirements."  <u>Gutierrez v. PNC Mortg.</u>, 2012 U.S. Dist. LEXIS 41890, at *28-29 (S.D. Cal. Mar. 26, 2012).  However, even if Defendant did not comply with the requirements of section 2923.5, California courts have explained that the remedy for a violation of section 2923.5 "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5."  <u>Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 214 (2010).  In the present case, Defendant's property has already been sold through a trustee's sale.  [Doc. No. 4-4, <u>RJN</u> Ex. G.]  Therefore, Plaintiff has no remedy under section 2923.5, and his claim is moot.  <u>See, e.g.</u>, <u>Gutierrez</u>, 2012 U.S. Dist. LEXIS 41890, at *30; <u>Sanchez</u>, 2011 U.S. Dist. LEXIS 2444, at *9-10.

and 2923.6.[4]

C.   Fraud, Intentional Misrepresentation, and California Civil Code § 1572

Plaintiff brings claims against Defendants for fraud, intentional misrepresentation, and violation of California Civil Code § 1572.  [Compl. ¶¶ 38-56, 68-74.]  Specifically, Plaintiff alleges that Defendants fraudulently misrepresented that the Notice of Default was validly executed.  [Id. ¶¶ 49-51, 56.]  Plaintiff alleges that this representation was false because the Defendants knew that NDeX did not own the note as required by Uniform Commercial Code § 3-301 when Plaintiff's property was foreclosed on.  [Id. ¶¶ 40-48, 53-54, 56.]  Defendants argue that this claim fails as a matter of law because NDeX was not required to be the owner of the note.  [Doc. No. 4-1 at 8-10.]  Defendants also argue that Plaintiff's fraud allegations fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9.  [Id. at 7-8.]

Under California law, the elements of fraud, or intentional misrepresentation are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."  Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) (quotations omitted); see also CAL. CIV. CODE § 1572; Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007).  Under Federal Rule of Civil Procedure 9, a Plaintiff must plead claims for fraud with particularity.  See FED. R. CIV. P. 9(b); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement.").  Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"  Id. at 1106 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th

---

[4] In addition, Plaintiff's claim for violation of California Civil Code § 2923.6 should be dismissed with prejudice because section 2923.6 does not provide a private right of action.  See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009).  "This section confers no substantive rights on borrowers, but simply expresses the legislative hope that lenders will offer loan modifications."  Gutierrez, 2012 U.S. Dist. LEXIS 41890, at *31 (citing Connors v. Home Loan Corp., 2009 U.S. Dist. LEXIS 48638, at *23-24 (S.D. Cal. Jun. 9, 2009); Farner v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 5303, at *4-5 (S.D. Cal. Jan. 26, 2009)).

Cir. 1994)).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff alleges that Defendants fraudulently misrepresented that the Notice of Default was validly executed when they knew that NDeX never owned the note.  California Civil Code Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  CAL. CIV. CODE § 2924(a)(1).  "Thus, Section 2924 does not require that the foreclosing party retain a beneficial interest in the note; instead, it merely requires foreclosing parties to comply with certain statutory procedures."  Tang v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 38642, at *22 (N.D. Cal. Mar. 19, 2012); see also Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); Linkhart v. US Bank Nat'l Ass'n, 2010 U.S. Dist. LEXIS 48281, at *6-9 (S.D. Cal. May 17, 2010).  Therefore, NDeX was not required to own the note under California law, see id., and Plaintiff's fraud claim fails as a matter of law to the extent it is based on Plaintiff's claim that Defendants misrepresented that the Notice of Default was validly executed even though NDeX never owned the note.

Plaintiff's complaint also contains additional conclusory allegations of fraud.  [See, e.g., Compl. ¶¶ 70-74.]  These allegations fall well short of Rule 9's heightened pleading standards.  In none of these additional allegations does Plaintiff provide the who, what, when, where, and how of the allegedly fraudulent conduct he is seeking to challenge.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff' claims for fraud, intentional misrepresentation, and violation of California Civil Code § 1572.

D.    UCL

Plaintiff brings a cause of action for violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*.  [Compl. ¶¶ 75-78.] Specifically, Plaintiff alleges that employees and/or agents of NDeX misrepresented on the Notice of Default that they had contacted Plaintiff to assess his financial situation prior to the foreclosure. [Id. ¶ 77.]  Plaintiff also alleges that there was never an assignment from Wachovia to NDeX. [Id.]  Defendants argue that Plaintiff has failed to support his UCL claim with sufficient factual

1    allegations to state a claim for relief.  [Doc. No. 4-1 at 11-13.]  Defendants also argue that Plaintiff

2    does not have standing to bring his UCL claim because he does not allege that he has suffered an

3    injury in fact.  [Id. at 13.]

4         Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business

5    act or practice."  CAL. BUS. & PROF. CODE § 17200.  Because the statute is written in the

6    disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices,

7    (2) unfair acts or practices, and (3) fraudulent acts or practices.  Cel-Tech Commc'ns, Inc. v. L.A.

8    Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  In order to assert a claim under the UCL, a person

9    must have "suffered injury in fact and ha[ve] lost money or property as a result of such unfair

10   competition."  CAL. BUS. & PROF. CODE §§ 17204 & 17535.  In addition, Federal Rule of Civil

11   Procedure 9(b)'s heightened pleading standards apply to claims for violation of the UCL that are

12   grounded in fraud.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

13        It is unclear from Plaintiff's complaint which prong or prongs of the UCL Plaintiff relies

14   on.  It appears that Plaintiff is attempting to state a claim under both the "unlawful" and

15   "fraudulent" prongs.  Under the unlawful prong, "the UCL borrows violations of the other laws . . .

16   and makes those unlawful practices actionable under the UCL."  Lazar v. Hertz Corp., 69 Cal.

17   App. 4th 1494, 1505 (1999).  Plaintiff appears to allege that Defendants violated the "unlawful"

18   prong by violating California Civil Code § 2923.5 in that Defendant's failed to contact him to

19   assess his financial situation.  [Compl. ¶ 77.]  As explained above, Plaintiff's claim for violations

20   of section 2923.5 is preempted by HOLA.  See supra section II.B.  Therefore, to the extent

21   Plaintiff's "unlawful" UCL claim is based on violations of California Civil Code § 2923.5, this

22   claim is also preempted by HOLA.  See Sato v. Wachovia Mortg., FSB, 2012 U.S. Dist. LEXIS

23   46554, at *11 (N.D. Cal. Mar. 31, 2012) (holding Plaintiff's UCL claims preempted where

24   borrowed from other preempted claims); DeLeon v. Wells Fargo Bank, N.A., 2011 U.S. Dist.

25   LEXIS 8296, at *15-17 (N.D. Cal. Jan. 28, 2011).  Plaintiff also appears to allege that Defendants

26   violated the "unlawful" prong by failing to assign the note from Wachovia to NDeX.  [Compl. ¶

27   77.]  However, as previously explained, NDeX was not required to own the note for the

28   foreclosure to be lawful.  See Tang, 2012 U.S. Dist. LEXIS 38642, at *22.  Accordingly, Plaintiff

1  has failed to state a claim under the "unlawful" prong of the UCL.

2  Plaintiff alleges that Defendants engaged in fraudulent practices by recording the Notice of

3  Default with a false declaration. [Compl. ¶ 77.]  However, even if the Court were to accept these

4  allegations as true, Defendant has failed to state a claim under the UCL because he has not

5  suffered an injury in fact.  Plaintiff asserts in the complaint that he has been injured by

6  Defendant's conduct, [id. ¶ 78], but this is a legal conclusion that the Court need not accept as

7  true.  See Ashcroft v. Iqbal, 129 S. Ct. at 1949. Because Plaintiff obtained his loan from World

8  Savings Bank, FSB, a federal savings bank, California Civil Code § 2923.5 does not apply to

9  Plaintiff's loan, and Defendant did not have to comply with the contact and declaration

10  requirements of that section.  See supra section II.B.  Therefore, even if Defendants falsely stated

11  on the Declaration that they contacted Plaintiff, Plaintiff could not have suffered an injury because

12  Defendants were never required to even include the declaration along with the Notice of Default

13  for the foreclosure to be valid.  Accordingly, Plaintiff has also failed to state a claim under the

14  "fraudulent" prong of the UCL.  However, the Court **DISMISSES WITHOUT PREJUDICE**

15  Plaintiff's claim for violation of the UCL.

16  **III.  Defendants' Motion to Strike**

17  Defendants move to strike all allegations related to punitive damages from the complaint.

18  [Doc. No. 6, 8.]  Because the Court dismisses Plaintiff's complaint in its entirety, Defendants'

19  motion to strike is moot.  Accordingly, the Court **DENIES** as moot Defendants' motion to strike.

20  **CONCLUSION**

21  For the reasons above, the Court **GRANTS** Defendants' motion to dismiss.  Specifically,

22  the Court:

23  1.  **DISMISSES WITH PREJUDICE** Plaintiff's claims for violation of TILA and

24  violation of California Civil Code §§ 2924, 2923.5, and 2923.6; and

25  **2.  DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for fraud, intentional

26  misrepresentation, violation of California Civil Code § 1572, and violation of the

27  UCL.

28  In addition, the Court **DENIES** as moot Defendants' motion to strike.

12cv663

1    Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First

2  Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is

3  cautioned his First Amended Complaint must be complete in itself, without relying on references

4  to the original Complaint, and the First Amended Complaint should not contain claims that have

5  been dismissed with prejudice or without leave to amend.  Plaintiff is further cautioned any

6  defendant not named or claim not re-alleged will be considered waived.  See King v. Attiyeh, 814

7  F.3d 1172, 1177-79 (9th Cir. 1996).

8    **IT IS SO ORDERED.**

9  **DATED:** May 8, 2012

10                                              **IRMA E. GONZALEZ**
                                                **United States District Judge**

12cv663